UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Civil Action No.:

| | |
|---|---|
| MILDRED GONZALEZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LUIS MINLLETY,<br>Plaintiff,<br>v.<br><br>IBERO-AMERICAN ACTION LEAGUE, INC.,<br>Defendant. | **COMPLAINT** |

Plaintiff Mildred Gonzalez, by counsel, for her Complaint, states as follows:

### Jurisdiction

Jurisdiction is based on so-called diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), with the amount in controversy in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### Venue

Venue is based upon 28 USC 1391(b)(2) and (3).

### The Parties

1. Plaintiff Mildred Gonzalez ("Plaintiff") is an individual, a citizen of the Commonwealth of Massachusetts, and resides in Boston, County of Suffolk, Commonwealth of Massachusetts.

2. Plaintiff is the mother of the now-deceased Luis Minllety ("Plaintiff's decedent"), and is the duly appointed administrator of the estate of said Luis Minllety by order of the Surrogate's Court for the County of Monroe, State of New York, File # 2018-1855.

3. Defendant Ibero-American Action League, Inc. ("Defendant") is a New York corporation with a principal place of business at 817 East Main Street, Rochester, County of Monroe, New York 14605.

### Nature of the Action

4. This is an action for money damages for wrongful death and survivorship arising from the death of Luis Minllety, the mentally and emotionally disabled son of Plaintiff, while in the care of Defendant and a resident of a group home facility maintained by Defendant. Said death was caused by: Defendant's negligent failure to promulgate reasonable protocols for

1

maintaining the safety of Plaintiff's decedent while at said facility; its negligent failure to properly and reasonably train its employees in such reasonable protocols; the negligent failure of Defendant's employee(s) to follow such reasonable protocols; and/or an assault upon Plaintiff's decedent by employee(s) of Defendant while acting in the course of his/their employment and in furtherance of the business of Defendant.

### Facts Alleged

5. At all times relevant to the Complaint, Defendant owned and operated a five-bed group home facility at 225 Avenue A, Rochester, County of Monroe, New York that is part of a supported housing program for individuals with various developmental disabilities ("the facility").

6. Until his death on December 6, 2017, Plaintiff's decedent was a physically healthy, 24 year-old individual who suffered from various mental and emotional disabilities.

7. At all times relevant to the Complaint, Plaintiff's decedent resided at the facility.

8. At all times relevant to the Complaint, Defendant had agreed and was otherwise required to provide 24-hour supervision of the residents of the facility, including Plaintiff's decedent, by a reasonably trained staff, for the purpose of maintaining the health and safety of said residents.

9. Prior to December 6, 2017, Plaintiff's decedent was at a level of functioning which, among other abilities, enabled him to express joy and love of his family and others, have a sense of humor, and go to school and engage in employment arranged by Defendant.

10. Prior to December 6, 2017, Defendant was aware that Plaintiff decedent's mental and/or emotional disabilities caused him to "act out" from time to time, and that, in order to keep Plaintiff's decedent reasonably safe, it was necessary, *inter alia*, for it to provide the staff of the facility with a reasonably designed protocol or protocols for interacting with Plaintiff's decedent during times he was "acting out", and train the staff of the facility in regard to such protocol(s), and also for the staff of the facility to follow such protocol or protocols.

11. On December 6, 2017, on information and belief, Plaintiff's decedent had an episode in which he "acted out" while inside the facility.

12. In the course of reacting to the aforementioned episode and while attempting to restrain and/or subdue Plaintiff's decedent, members of the staff of the facility, all of whom were acting in their capacity as employees of Defendant, in the course of their employment, and in furtherance of the business of Defendant, directly caused the death of Plaintiff's decedent.

### COUNT I (Wrongful Death-Negligence)

13. Plaintiff reaffirms and realleges Paragraphs 1 through 12 above as if specifically affirmed and alleged herein.

14. Defendant was negligent in:

    a. its failure to it to provide the staff of the facility with a reasonably designed protocol or protocols for interacting with Plaintiff's decedent during times he was "acting out";
    b. its failure to train the staff of the facility in regard to reasonably designed protocol or protocols for interacting with Plaintiff's decedent during times he was "acting out"; and/or,
    c. the failure of its employees to follow reasonably designed protocol or protocols for interacting with Plaintiff's decedent during times he was "acting out".

15. The aforementioned death of Plaintiff's decedent was a direct and proximate result of the negligence of Defendant as aforesaid.

16. Prior to his death, in anticipation of it, and in the course of his dying, Plaintiff's decedent consciously suffered pain of both body and mind as a direct and proximate result of Defendant's negligence as aforesaid.

17. Article 16 of the CPLR is inapplicable.

**WHEREFORE, PLAINTIFF MILDRED GONZALEZ, AS ADMINISTRATOR OF THE ESTATE OF LUIS GONZALEZ, DEMANDS JUDGMENT AGAINST DEFENDANT IBERO-AMERICAN ACTION LEAGUE, INC. IN THE SUM OF TWO MILLION DOLLARS AS COMPENSATION FOR THE CONSCIOUS PAIN AND SUFFERING OF PLAINTIFF'S DECEDENT, PLUS COSTS OF THE ACTION**

### COUNT II (Wrongful Death-Assault)

18. Plaintiff reaffirms and realleges Paragraphs 1 through 17 above as if specifically affirmed and alleged herein.

19. The death of Plaintiff's decedent on December 6, 2017, as well as his aforementioned conscious pain and suffering, all as aforesaid, were the direct and proximate result of one or more employees of Defendant assaulting said decedent while reacting to the aforementioned episode of "acting out".

20. The aforementioned assault was committed by Defendant's employee or employees while in the course of his/their employment and in furtherance of the business of Defendant.

**WHEREFORE, PLAINTIFF MILDRED GONZALEZ, AS ADMINISTRATOR OF THE ESTATE OF LUIS GONZALEZ, DEMANDS JUDGMENT AGAINST DEFENDANT IBERO-AMERICAN ACTION LEAGUE, INC. IN THE SUM OF TWO MILLION DOLLARS AS COMPENSATION FOR THE CONSCIOUS PAIN AND SUFFERING OF PLAINTIFF'S DECEDENT, PLUS COSTS OF THE ACTION**

### COUNT III (Survivorship Action)

21. Plaintiff reaffirms and realleges Paragraphs 1 through 20 above as if specifically affirmed and alleged herein.

22. As a direct and proximate result of the death of Plaintiff's decedent as aforesaid, Plaintiff, individually, has been caused to suffer a pecuniary loss, including but not limited to funeral and burial expenses incurred as a result of said death.

**WHEREFORE, PLAINTIFF MILDRED GONZALEZ, INDIVIDUALLY, DEMANDS JUDGMENT AGAINST DEFENDANT IBERO-AMERICAN ACTION LEAGUE, INC. IN THE SUM OF TWENTY THOUSAND DOLLARS AS COMPENSATION FOR HER PECUNIARY LOSS, PLUS COSTS OF THE ACTION**

### PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Dated: New York, New York
December 3, 2018

>Yours, etc.
>CHARNAS LAW FIRM, P.C.
>
>*[signature]*
>
>By: Scott E. Charnas
>*Attorneys for Plaintiff*
>455 East 51st Street
>New York, New York 10022
>Tel: 212-980-6800
>Fax: 212-980-1871
>Email: scharnas@charnaslawfirm.com